J. A17042/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :              PENNSYLVANIA
             v.                  :
                                          :
STEPHEN A. REMENTER,         :         No. 2615 EDA 2019
                                          :
               Appellant       :

Appeal from the PCRA Order Entered August 9, 2019,
in the Court of Common Pleas of Monroe County
Criminal Division at No. CP-45-CR-0000028-2012

BEFORE: BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         Filed: August 25, 2020

Stephen A. Rementer appeals from the August 9, 2019 order entered by the Court of Common Pleas of Monroe County dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On September 7, 2012, appellant entered a guilty plea to one count of rape of a child.[1] The trial court imposed a sentence of 20-40 years' imprisonment on November 20, 2012. The trial court also ordered appellant to comply with the registration requirements of Megan's Law, 42 Pa.C.S.A. § 9795.1 (expired December 20, 2012). Appellant appealed his judgment of sentence, which this court affirmed on September 20, 2013.

---

[1] 18 Pa.C.S.A. § 3121(c).

*Commonwealth v. Rementer*, 87 A.3d 388 (Pa.Super. 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our supreme court.

On December 29, 2016, appellant filed his first PCRA petition. The PCRA court denied appellant's petition on August 8, 2017. Appellant filed a notice of appeal, and this court affirmed the PCRA court's denial of relief on June 8, 2018. *Commonwealth v. Rementer*, 193 A.3d 1060 (Pa.Super. 2018) (unpublished memorandum). Our supreme court denied appellant's petition for allowance of appeal on December 12, 2018. *Commonwealth v. Rementer*, 199 A.3d 335 (Pa. 2018).

Appellant filed the instant PCRA petition on April 18, 2019. On May 15, 2019, the PCRA court entered a notice of its intent to dismiss appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. The PCRA court dismissed appellant's petition on August 9, 2019.

Appellant filed a timely notice of appeal on September 4, 2019. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on October 24, 2019.

Appellant raises the following issue for our review:

> Whether trial counsel [sic] erred and abused its discretion by denying [appellant's] PCRA petition as being untimely filed?

- 2 -

Appellant's brief at 5 (full capitalization omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004) (citations omitted). In addition, our case law instructs that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 121-122 (Pa.Super. 2014) (holding courts do not have jurisdiction over an untimely PCRA petition); ***see also Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005).

Here, the trial court entered its judgment of sentence on November 20, 2012. This court affirmed appellant's judgment of sentence on September 20, 2013, and appellant did not file a petition for allowance of appeal with our supreme court. Consequently, appellant's judgment of sentence became final on October 20, 2013, thirty days after this court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with our supreme court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a).

Therefore appellant's petition, filed on April 18, 2019, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the PCRA time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the petitioner's ability to present his or her claim; when the petitioner has recently discovered facts upon which his or her PCRA claim is predicated; or when either the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). The petitioner bears the burden of pleading and proving the applicability of any exception. *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012), citing *Commonwealth v. Bronshtein*, 752 A.2d 868, 871 (Pa. 2002). If a petitioner fails to invoke a valid exception to the PCRA time bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(a).

Here, appellant contends that our supreme court's holding in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), recognized a new constitutional right, thereby providing appellant with an exception to the PCRA time-bar. (Appellant's brief at 10.) The *Muniz* court held that the application

of the registration requirements under SORNA[2] to sexual offenders who committed their crimes before SORNA's effective date violates the **ex post facto** clauses of the United States and Pennsylvania Constitutions. **Muniz**, 164 A.3d at 1223. Appellant, however, presents his claim in the context of an untimely filed PCRA petition.

In a case involving a timely filed PCRA petition, this court has held that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa.Super. 2017). Because appellant's PCRA petition is facially untimely, however, he would be required to satisfy the jurisdiction requirement set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). To do so, appellant would be required to demonstrate that the Supreme Court of Pennsylvania has held that **Muniz** applies retroactively to otherwise facially untimely PCRA petitions. **See Commonwealth v. Murphy**, 180 A.3d 402, 405-406 (Pa.Super. 2018) (finding that when the PCRA petition is untimely filed, in order to satisfy the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii), a petitioner must demonstrate that the Supreme Court of Pennsylvania has expressly held that **Muniz** applies retroactively).

Here, appellant has failed to demonstrate that our supreme court has expressly held that **Muniz** applies retroactively to facially untimely PCRA

---

[2] Sexual Offender Registration Notification Act, 42 Pa.C.S.A. §§ 9799.10, **et seq.**

petitions. To the contrary, a recent panel of this court reaffirmed that **Muniz** does not provide a petitioner with an avenue of relief in the context of an untimely PCRA. ***Commonwealth v. Hromek***, ___ A.3d ___, 2020 WL 2391062 at *4 (Pa.Super. May 12, 2020), citing **Murphy**, 180 A.3d at 405-406.

Appellant has failed to invoke a valid exception to the PCRA time-bar. Consequently, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/20